Lucila López Cepero et al., Plaintiffs and Appellees, *v.* Juan Sierra Alvira et ux., Defendant and Appellants.

No. 7101. Argued December 23, 1935.—Decided December 24, 1935.

*Llorens Torres & O'Neill* for appellants. *Dubón & Ochoteco* for appellees.

Mr. Justice Córdova Dávila delivered the opinion of the court.

Sebastián Corchado and his wife, Concepción Vargas, constituted a mortgage in favor of Lucila López Cepero and Consuelo López Cepero on a house and lot of belonging to them, to secure a loan for $2,200. Subsequently, said spouses sold to defendants Juan Sierra and his wife, Angela Cordovés, the property encumbered with the mortgage in favor of Lucila López Cepero and the ancestor of the other plaintiffs, Consuelo López Cepero. As appears from the deed of sale, the purchasers deducted from the purchase price the sum of $2,200 in order to pay the said mortgage. It was alleged in the complaint, and not denied in the answer, that the defendants, since they acquired the property, have paid to the plaintiffs the interest accrued on said debt at the agreed rate of 1 per cent per month, up to June 29, 1934, and owe the interest which has accrued from that date to the present, as well as the principal amount of the debt.

The defendants did not deny the averments of the complaint, but in their answer they alleged the following:

"That at the time of the purchase of the urban property described in the complaint, the defendants and purchasers deducted from the price of the same the sum of $2,200 which was the amount

of the mortgage on the property, but they did not assume the personal obligation to pay said mortgage nor to make their other properties liable in the event the mortgaged property should be insufficient to cover the mortgage in case of foreclosure; and that they did not become principal debtors under said mortgage, but that they only deducted the amount in the sense that the mortgaged property was the sole property subject to the mortgage lien.''

After the case was tried, the lower court rendered judgment ordering the defendants to pay the amount of the mortgage loan, with interest thereon, costs, and attorney's fees. The defendants took an appeal from that judgment, and the plaintiffs have now requested the dismissal of the appeal on the ground that the same is frivolous. Appellants have filed their brief, wherein several errors are attributed to the lower court which refer to the only question at issue, namely, the one that relates to the nature of the obligation assumed by defendants in deducting and retaining from the purchase price the sum of $2,200, which was the amount of the mortgage burdening the property. The defendants contend that they did not assume the personal obligation to pay said mortgage nor to make other properties liable in case the mortgaged property was insufficient to cover said sum. The plaintiffs on the contrary maintain that the defendants are bound to pay the sum which they retained in order to satisfy the mortgage debt.

The lower court based its judgment on the doctrine laid down by this court in the cases of *Successors of Hilario Santos* v. *Morán*, 32 P.R.R. 55, and *Trueba et al.* v. *Rosales & Co. et al.*, 33 P.R.R. 986. From the opinion rendered by the trial court we copy the following:

''The only question raised by the defendants is that when they bought the property the object of this suit, they deducted from the purchase price the sum of $2,200, which was the amount of the mortgage on the property, but that they did not assume the personal obligation to pay said mortgage, nor to make their other properties liable in the event the mortgaged property should be insufficient to cover the mortgage in case of foreclosure; and that they did not

become principal debtors, but that they only deducted the amount in the sense that the mortgaged property was to be the sole security for the said mortgage debt. This is the only question for us to decide in this case.

"  *       *       *       *       *       *       *

"It is also a significant fact in this case that the defendants from 1922, when they acquired the property subject to the lien now sought to be enforced, until June of 1934, as admitted by them, have paid to the plaintiffs the interest that had accrued on the indebtedness, which obligation they would not have fulfilled unless they had assumed a personal responsibility as to the mortgage debt. In our opinion, the legal question has already been settled, and hence the complaint must be sustained."

In the case of *Successors of Hilario Santos* v. *Morán, supra,* this court, speaking through Mr. Justice Wolf, said:

"Perhaps there may be cases where the purchaser buying a piece of property could not be placed in the shoes of the debtor. In this case, however, the complaint set up the fact that the purchaser assumed the mortgage as part of the purchase price, and in such case the responsibility of the purchaser is personal."

In *Trueba et al.* v. *Rosales & Co., supra,* Mr. Justice Aldrey, who delivered the opinion of the court, said:

"In the case of *Successors of Hilario Santos* v. *Morán* 32 P.R.R. 55, wherein the action was to recover the principal of a loan secured by a mortgage and was brought against the purchaser of the mortgaged property, we said that we had some doubts in favor of the defendant's allegation that the holder of a mortgage credit has no personal action against the purchaser of the mortgaged property, and that perhaps there may be cases in which the purchaser of a property could not be placed in the shoes of the debtor; but that in the case under consideration the complaint set up the fact that the purchaser assumed the mortgage as a part of the purchase price and in such a case the liability of the purchaser is personal. In speaking, however, in that case about a personal action we referred naturally to the extent of the liability of the purchaser of the mortgaged property, and now we may add that when the purchaser or innocent possessor of a mortgaged property does not assume the payment of the mortgage, for which he is liable only because of the mere acquisition of the property, his liability extends only to the amount of the proceeds of the sale in execution of the judgment,

and no part of the amount of the mortgage which may not be covered can be collected out of his own property. This is so because a judgment in an action of debt for the payment of a certain amount may be executed against all of the properties of the judgment debtor until the whole amount is covered, for which reason in cases like the present if the proceeds of the mortgaged property did not cover the amount of the judgment, other properties of his might be sold even though he had not contracted the original obligation or agreed with the creditor to assume the same, thus having to pay the deficit resulting after the sale of the property. Therefore, as the complaint did not allege that the defendant purchasers of the mortgaged property assumed the payment of the mortgage or retained such part of the purchase price as was necessary to pay it, or that their liability was limited to the proceeds of the sale, it does not state facts sufficient to constitute the cause of action set up against them to recover the amount secured by the mortgage, especially as it was not prayed that the property be sold for the payment of debt, a necessary element although the party may elect the ordinary action of debt.''

We can not uphold the contention of the appellants to the effect that there is no paragraph in the deed which provides that defendants, when buying the property, assumed the personal obligation to pay the mortgage. It was clearly stated that the money was retained by them ''in order to pay the mortgages on properties A and B,'' one of which properties was described in the complaint. When defendants retained the sum of $2,200 in order to pay the mortgage on the property described in the complaint, which is property B, they assumed the responsibility of paying the obligation incurred. The said sum was deducted and retained from the purchase price. The fact that the property is insufficient to cover the debt can not relieve the defendants from responsibility. If there had been no mortgage lien, the purchasers would have had to pay to the vendors the $2,200 retained to cover the mortgage loan. It is also significant, as stated by the lower court, that the defendants continued to pay the interest on said debt.

The appeal taken is frivolous and must be dismissed.